**Harsimran SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–75173.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 17, 2012.*

Filed Jan. 24, 2012.

Christopher John Stender, Esquire, Immigration Practice Group A Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jessica Segall, Trial, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Harsimran Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir.2010), and we deny the petition for review.

The BIA did not abuse its discretion by denying Singh's motion to reopen

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

as untimely where the motion was filed over four years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to present sufficient evidence of changed circumstances in India to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004) ("The critical question is ... whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

■ We reject Singh's contention that the BIA failed to consider evidence because he has not overcome the presumption that the BIA reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006). Singh's contention that the BIA applied a higher standard is belied by the record.

Finally, we decline to reconsider Singh's contentions regarding the immigration judge's adverse credibility determination because this court already decided that issue in *Singh v. Gonzales*, 206 Fed.Appx. 707 (9th Cir.2006). *See Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir.1991) (explaining that under the "law of the case doctrine," one panel of an appellate court will not reconsider questions which another panel has decided on a prior appeal in the same case).

**PETITION FOR REVIEW DENIED.**